**NOT RECOMMENDED FOR PUBLICATION**
File Name:  08a0057n.06
Filed:  January 16, 2008

**No. 06-4489**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DENNY DEKKER MANOREK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

**Before:  SILER, GIBBONS, and McKEAGUE, Circuit Judges.**

**PER CURIAM**.  Denny Dekker Manorek, an Indonesian citizen and national, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying withholding of removal under the Immigration and Nationality Act ("INA").  The BIA upheld the order of the Immigration Judge ("IJ"), which denied withholding of removal after finding that Manorek was not credible.  Manorek argues that the IJ erred by finding that he was neither Christian nor ethnically Chinese, finding him not credible, and improperly ignoring country condition reports.  Because the adverse credibility finding was supported by substantial evidence and the IJ reached a reasonable conclusion after considering the country condition reports, we deny the petition.

**BACKGROUND**

Manorek was admitted to the United States at Chicago in 2000 as a nonimmigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed June 23, 2001. In 2003, the Department of Homeland Security served him with a Notice to Appear ("NTA"), charging that he was subject to removal pursuant to § 237(a)(1)(B) of the INA because he had remained in the United States for a time longer than permitted. He admitted the factual allegations in the NTA and conceded removability.

Manorek applied for withholding of removal pursuant to § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), based on his religion and race. The IJ denied his application for withholding of removal at the conclusion of a merits hearing in 2005. The IJ determined that he was not credible after noting numerous inconsistencies between his application and his testimony at the hearing. The IJ also found that the State Department country condition reports for Indonesia did not demonstrate a pattern or practice of persecution of Christians and Chinese. On appeal, the BIA upheld the IJ's decision.

**ANALYSIS**

*Adverse Credibility Determination*

Where, as here, the BIA adopts the IJ's reasoning, we review the IJ's decision directly to determine whether the decision of the BIA should be upheld on appeal. *Amir v. Gonzales*, 467 F.3d 921, 924 (6th Cir. 2006). We review an IJ's adverse credibility determination to see whether the determination is supported by substantial evidence. *Id*. at 925. Under the substantial evidence standard, the IJ's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Singh v. Ashcroft*, 398 F.3d 396,

400-01 (6th Cir. 2005).  However, "[i]f discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." *Singh*, 398 F.3d at 402.

Manorek argues that the IJ erred by finding that he was neither Christian nor ethnically Chinese.  The BIA noted that even if he is Christian and Chinese, he was nevertheless not credible.  A finding that he is Christian and Chinese does not necessarily require granting withholding of removal because it would not, by itself, establish a clear probability that he would be persecuted if forced to return to Indonesia.  *Amir,* 467 F.3d at 925.  Therefore, the IJ's determination regarding his race and religion was essentially an adverse credibility determination.

Substantial evidence supports the adverse credibility determination.  There were several major inconsistencies in Manorek's testimony.  Most notably, he omitted from his withholding application his allegation that he was removed from a bus and beaten in 1998 by Muslims because he was Christian.  When asked at the hearing why his application made no mention of the 1998 bus incident, he stated: "I forgot.  I just remembered when I opened the document.  I just found this letter from my doctor.  And I forgot to tell my lawyer to add this to my application."  The letter from his doctor was dated May 14, 1998, and stated that he was a victim of a riot, resulting in injuries to his face, hand, and legs.  He claimed that he had brought the letter from Indonesia but found it only a month before the April 25, 2005 merits hearing.  However, the letter was translated into English on September 1, 2004, which would be impossible if, as he claimed, the letter sat unnoticed in an envelope in his files from his arrival in 2000 until March 2005.  Because the 1998 bus incident discrepancy was an attempt to enhance his persecution claim, it provides substantial evidence to support the adverse credibility determination.  *Singh*, 398 F.3d at 402.

Moreover, his failure to check the "Yes" box on his application for the questions regarding membership in a religious group and prior arrests outside the United States raises questions about his veracity. He claimed withholding of removal in part based on fears of religious persecution, and he claimed to have been a church member in Indonesia, but he checked the "No" box for a question that asked whether he had been a member of a religious organization. Despite his claim on his application that he had never been arrested outside the United States, he suddenly remembered at the merits hearing that he was arrested and jailed for laughing at soldiers in Indonesia. He remembered this incident shortly after trying to strengthen his claim of persecution with his story about the 1998 bus incident and the doctor's note. Because these discrepancies were attempts to enhance his persecution claim, they provided substantial evidence to support the adverse credibility determination. *Id*.

### Country Conditions

We review an IJ's treatment of country condition reports in the context of withholding of removal under the INA to see if the IJ reached a "reasonable conclusion." *Kouljinksi v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007). The petitioner must point to "evidence that compels the opposite conclusion" before we will disturb the IJ's treatment of country condition reports. *Id*. Manorek claims that the IJ ignored country condition reports that indicated violence against churches and Christians in Indonesia. His argument fails because the IJ considered the country condition reports and reached a reasonable conclusion. He points to no evidence that compels the opposite conclusion.

The IJ discussed the country condition reports in detail and concluded that they did not show that there was a pattern or practice of persecution in Indonesia. The 2000 country condition report noted that there was socioeconomic and political tension between Muslims and Christians.

However, the Indonesian government "actively promotes mutual tolerance and harmony" among the six officially-recognized religions, which included Protestant and Catholic Christian denominations. The report stated that "[r]acially motivated attacks against Sino-Indonesians have dropped sharply since mid-1998" and that the government "officially promotes racial and ethnic tolerance." The 2004 country condition report noted that discrimination against ethnic Chinese Indonesians continued to decline compared with previous years. Based on these reports, the IJ reached a reasonable conclusion and the evidence does not compel the opposite conclusion.

**CONCLUSION**

The petition for review is DENIED.